UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alex Jeanty

     v.                              Civil No. 20-cv-163-JD
                                        Opinion No. 2020 DNH 045
Deutsche Bank Nat. Trust Co.,
et al.


O R D E R

Alex Jeanty brings this breach of contract action against
Deutsche Bank National Trust Co., Select Portfolio Loan
Services, LLC, and Bank of America, N.A.  He alleges that the
defendants breached his mortgage contract and two modifications
to that contract.

The defendants move to dismiss Jeanty's complaint (doc. no.
5).  They argue that Jeanty's claims are barred by the
applicable statute of limitations and that the facts alleged
fail to support claims upon which relief can be granted.  Jeanty
opposes dismissal.  The defendants also move to strike (doc. no.
8) an affidavit that Jeanty attached to his opposition to the
motion to dismiss.


Standard of Review

In considering a motion to dismiss, the court asks whether
the plaintiff has made allegations that are sufficient to render

his entitlement to relief plausible. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. To determine whether a complaint survives a motion to dismiss, the court should use its "judicial experience and common sense," but should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable. Id.

When evaluating a motion to dismiss, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006). The court may also consider "documents the authenticity of which are not disputed by the parties," official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint. Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); see also Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).

## Background

### A.    Allegations[1]

In September 2002, Jeanty and his former wife purchased property at 20 Wilson Road in Londonderry, New Hampshire (the "Property").  To purchase the Property, Jeanty obtained a $293,550 loan secured by a mortgage.  In March 2004, Jeanty refinanced the mortgage with non-party Argent Mortgage Co. in the amount of $345,600, with an adjustable interest rate of 6.55 percent.  The monthly payment on the refinanced mortgage was $2,649 (including property taxes and insurance), which rose to $3,166.24 in April 2006, and $3,435.04 in October 2006.

By February 2007, Jeanty was nine months delinquent on the mortgage.  In September 2007, Argent assigned the mortgage to Deutsche Bank and Bank of America began servicing the loan for Deutsche Bank.  Jeanty brought the mortgage current by November 2007.

In January 2008, Jeanty lost his employment and his marriage ended.  Jeanty did not make his mortgage payments between January and October 2008.  "Sometime in early Spring of 2008," Bank of America supplied Jeanty with an application for modification of the mortgage terms under the Home Affordable

---

[1] The allegations in the operative complaint were filed in the state court before the defendants removed the action to this court.

Modification Program ("HAMP").  Doc. 1-1 at 3, ¶ 15; see also 12 U.S.C. § 5219a ("Home Affordable Modification Program guidelines").

At the time the HAMP was offered, Jeanty's monthly payment was $3,771.65.  Jeanty completed the HAMP application and sent it to Bank of America, and Bank of America confirmed that it had received the application and that it was complete.  Bank of America represented to Jeanty that, if he made the mortgage current and timely made a modified monthly payment of $2,350.81 for a ninety-day probationary period, the modified payment would extend for five years, the loan would not be in default, and Bank of America would forbear from seeking further remedies for default, including foreclosure.

Jeanty made a $23,673.41 payment on the mortgage, which made the mortgage current as of October 1, 2008.  Jeanty made three payments of the modified amount in November and December 2008 and January 2009.  In January 2009, Jeanty sought written confirmation that he had met the requirements for HAMP and that the modification would be extended for five years.  Bank of America told Jeanty that his modification had not been finalized because of the large number of modifications being sought during the time period.  Bank of America told Jeanty to continue to pay the modified amount until he received final approval.

Accordingly, Jeanty continued to make the modified payments on the mortgage. He periodically checked in with Bank of America to see if the modification had been finalized. Bank of America told Jeanty that the modification was still in process.

"Sometime" while Jeanty was making the modified payments on the mortgage, his loan servicer became Select Portfolio. Doc. 1-1 ¶ 24. "Upon information and belie[f]" Jeanty was not provided notice of the servicer change. Id.

In August 2013, Select Portfolio offered Jeanty a "Trial Modification Plan," which would set his payment amount at $2,238.80, and, in September 2013, Select Portfolio told Jeanty that he was in default. Select Portfolio told Jeanty that there was no record of a modification under HAMP and that, if an application had been submitted, the documentation was likely misplaced.

Jeanty signed the Trial Modification Plan on May 10, 2014, and Select Portfolio signed on June 5, 2014. Under the terms of the Trial Modification Plan, Jeanty would have to make all property taxes on the property current and pay $2,238.80 per month for a ninety-day probationary period. If the conditions were met, Jeanty's mortgage payment would stay at $2,238.80 for

up to twenty years.[2]  At the end of the twenty-year period, a
$216,913.64 balloon payment would be due.  Under the terms of
the Trial Modification Plan, the loan would be current and
Select Portfolio would forbear from enforcing remedies for
default including foreclosure.

As of the date of the Trial Modification Plan's enactment
in 2014, there was a $320,965 principal balance on the mortgage.
Jeanty complied with the conditions of the Trial Modification
Plan.  Jeanty contacted Select Portfolio to confirm that the
loan modification would be made permanent as per the plan, but
Select Portfolio "failed to provide any definitive response to
this and subsequent requests made by" Jeanty.  Doc. 1-1 at 9 ¶
32.

In December 2018, Jeanty was told that he was in default
and that Deutsche Bank was going to foreclose on the Property.
The defendants asserted that Jeanty was $47,570 behind on his
payments and that there was a payoff balance of $656,293.  On
February 19, 2019, Jeanty filed for Chapter 13 bankruptcy, but
he voluntarily dismissed his bankruptcy filing because he did
not have a feasible plan to cure the mortgage default without
first challenging the balances in court.

---

[2] The monthly payment was inclusive of property taxes and
insurance, so it could vary slightly if property taxes or
insurance rates changed.

Jeanty also requested documentation relating to the mortgage, including documents related to the 2008 HAMP and the 2014 Trial Modification Plan.  In November 2019, the defendants asserted that Jeanty was behind on his payments by $60,213.56, and that there was interest-bearing principal of $297,308.28 and deferred principal of $320,965.  Jeanty filed his complaint in this case in state court on December 24, 2019.  The defendants removed the case to this court.

B.  Claims

Jeanty's complaint contains four counts.  In Count I, entitled "Injunctive Relief," Jeanty requests that the court enjoin the foreclosure sale, which had been scheduled for January 3, 2020.[3]  In Count II, entitled "Accounting", Jeanty asserts that he is entitled to documentation relating to the 2008 HAMP and the 2014 Trial Modification Plan.  He also asserts that he is entitled to an accounting of how the defendants calculated the current arrears and outstanding principal balance due.

In Count III, "breach of contract" with respect to Deutsche Bank, Jeanty asserts that Deutsche Bank was bound by the 2008 HAMP and 2014 Trial Modification Plan.  Jeanty asserts that

_____

[3] The scheduled foreclosure date stated in the complaint passed before the case was removed to this court on January 27, 2020.

Deutsche Bank breached those agreements by failing to apply the modified mortgage payments, enforcing default remedies despite his compliance with the agreements, failing to notify him that Select Portfolio had replaced Bank of America as the servicing agent, and depriving him of his right to reinstatement under paragraph 19 of the Mortgage Agreement by supplying him with erroneous reinstatement figures.

As remedies, Jeanty asks for specific performance of the 2008 HAMP, 2014 Trial Modification Plan, and the Mortgage Agreement. Jeanty also asks for money damages.

In Count IV, "breach of contract" with respect to Bank of America and Select Portfolio, Jeanty alleges that Bank of America breached the 2008 HAMP agreement by failing to extend the loan modification for five years. Jeanty alleges that Bank of America cannot deny the existence of the agreement on the ground of promissory estoppel.

As to Select Portfolio, Jeanty alleges that he met the conditions for the 2014 Trial Modification Plan, but that Select Portfolio breached the agreement by failing to extend the modification for twenty years, by keeping the mortgage in default status, and by pursuing remedies for default. As to remedies for Count IV, Jeanty requests money damages.

Discussion

I.  <u>Motion to Strike</u>

In support of his opposition to the motion to dismiss, Jeanty submitted an affidavit (doc. no. 6-1).  The defendants move to strike the affidavit on the ground that it is duplicative of the allegations in the complaint and therefore unnecessary to consider in relation to the motion to dismiss. Jeanty argues that the affidavit was filed to provide factual support to his claim that he could not have reasonably discovered his breach of contract claims before December 2018. The court, in applying the standard applicable to motions to dismiss, has not considered Jeanty's affidavit.  Therefore, the motion to strike is denied as moot.

II.  <u>Motion to Dismiss</u>

The defendants assert that Jeanty's breach of contract claims (Counts III and IV) are barred by New Hampshire's three-year statute of limitations under RSA 508:4(I).  They also assert that Jeanty fails to state a cognizable breach of contract claim as to Count III and that Jeanty's injunctive relief and accounting claims (Counts I and II) are not valid causes of action.  Jeanty concedes that Counts I and II do not state causes of action, but argues that his claims in Counts III and IV are not time barred and that Count III states a claim for

relief.  The defendants filed a reply, arguing that the evidence shows that Jeanty discovered his breach of contract claims more than three years before he filed this suit.

A.    <u>Statute of Limitations (Counts III and IV)</u>

New Hampshire provides a three-year statute of limitations for most personal actions, including breach of contract.  RSA 508:4, I.  The three-year limitations period begins at the time the plaintiff discovered or should have discovered the injury and its causal relationship to the act or omission complained of.  <u>Id.</u>[4]

The defendants contend that the conduct alleged by Jeanty in Counts III and IV did not occur within three years of his filing this lawsuit.  Jeanty responds, arguing that, as to the application of modified payments, he would have been unable to discover that the defendants were violating the terms of the

---

[4] RSA 508:4(I) states:

Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

modification agreement through the exercise of reasonable diligence prior to December 2018. He argues that the defendants sent a default notice in December 2018, which places his December 2019 suit within the filing period. Similarly, Jeanty argues that he could not have discovered that the defendants miscalculated the reinstatement amount under paragraph 19 of the Mortgage Agreement until he received the December 2018 acceleration notice.

### 1. Count III – Misapplication of Mortgage Payments

Deutsche Bank contends that Jeanty must have discovered that his mortgage payments were being "misapplied" as part of a modified mortgage payment program more than three years prior to his filing of this suit. "In a contract action, the relevant 'act or omission' is a party's alleged breach; thus, the statute of limitations begins to run when the alleged breach occurs, or when the plaintiff knew or reasonably should have known that a breach occurred." Sykes v. RBS Citizens, N.A., 2 F. Supp. 3d 128, 140 (D.N.H. 2014); Coyle v. Battles, 147 N.H. 98, 100 (2001). "A breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Audette v. Cummings, 165 N.H. 763, 767 (2013).

"New Hampshire follows the 'universal rule that when an obligation is to be paid in installments the statute of limitations runs only against each installment as it becomes due.'" Pierce v. Metro. Life Ins. Co., 307 F. Supp. 2d 325, 328 (D.N.H. 2004) (quoting Gen. Theraphysical, Inc. v. Dupuis, 118 N.H. 277, 279 (1978)). "In essence, this rule treats each missed or otherwise deficient payment as an independent breach of contract subject to its own limitations period." Id.

Jeanty's mortgage payments were part of an installment contract. See Daley v. Babigian, 2015 WL 11071486 (N.H. Feb. 19, 2015) (summarily rejecting argument that installment rule does not apply to real estate mortgages). Therefore, each mortgage payment that the defendants are alleged to have received but failed to acknowledge under the terms of the Mortgage Agreement and its modifications created an independent breach of contract cause of action that is subject to its own limitations period. See Pierce, 307 F. Supp. 2d at 328. Consequently, this claim can be time barred only to the extent it is based on payments that could have reasonably been discovered as misapplied prior to the cutoff date of December 24, 2016,[5] three years before Jeanty filed this suit.

---

[5] The court assumes, only for the purpose of this order, that the limitations period was not tolled for any reason during three-year period preceding Jeanty's filing of this lawsuit. As noted below, this issue can be further explored with a more

The allegations in the complaint are sufficient to permit a reasonable inference that at least some of the payments that Jeanty made prior to December 26, 2016, could not have been reasonably discovered as misapplied until after that date. Therefore, considering only the allegations in the complaint, Jeanty's breach of contract claim in Count III, to the extent it is premised on misapplication of payments before December 24, 2016, is not time barred.

The defendants argue that Jeanty received notice that payments were not being applied as required in the mortgage modification agreements as early as July 2014. In support, the defendants attached to their reply letters from July 21, August 19, and October 1, 2014. The defendants characterize these letters as default notices to Jeanty. The defendants also attached a letter from February 10, 2016, which they also argue gave Jeanty notice that he was in default.

The letters that the defendants attached to their reply to Jeanty's objection to the motion to dismiss will not be considered by the court at the motion to dismiss stage. At this stage, the court is generally limited to considering the facts alleged in the complaint and documents that are part of or incorporated into the complaint. Rivera v. Centro Medico de

_____

developed record at summary judgment if warranted and raised by the parties at that time.

Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). An exception exists for documents central to the plaintiff's claim or for documents sufficiently referred to in the complaint, but the letters are neither sufficiently central to the complaint nor sufficiently referred to in the complaint to warrant extraordinary consideration at the motion to dismiss stage. Id. Furthermore, it is appropriate to refrain from evaluating the full merits of Deutsche Bank's argument about timeliness until a more developed record can be presented at summary judgment. See Duke v. Community Health Connections, Inc., 355 F. Supp. 3d 49, 55–56 (D. Mass. 2019) ("Whether the discovery rule applies is often a fact-intensive question and therefore [is] best resolved at the summary judgment stage.").

### 2. Count III – Enforcing Default Remedies

Jeanty also alleges that Deutsche Bank breached the mortgage agreement, HAMP modification, or Trial Modification Plan by sending him default notices despite his compliance with the agreements. The relevant alleged breach occurred in December 2018, when Deutsche Bank is alleged to have notified Jeanty of its intent to foreclose on the Property. Doc. 1-1 ¶ 33. Jeanty's action was filed in December 2019, so this claim is not time barred.

### 3. Count III – Failure to Notify about Change in Servicer

Jeanty alleges that Deutsche Bank breached the Mortgage Agreement by failing to notify him that his mortgage servicer had changed. Deutsche Bank asserts that Jeanty's allegations show that Jeanty knew about the change (and therefore the failure to notify him about the change) as early as May 2014, when Jeanty entered into the loan modification with Select Portfolio. Jeanty did not respond to this argument from Deutsche Bank.

The allegations of the complaint show that Jeanty learned that the mortgage servicer had changed as early as May 2014. See id. ¶¶ 27-29. Therefore, Jeanty knew as early as May 2014 that he had not been told about the change. Jeanty did not file his complaint until December 2019, which was more than three years after that discovery. Accordingly, Jeanty's claim that Deutsche Bank breached the Mortgage Agreement because it failed to notify him about the change in mortgage servicer is time barred.

### 4. Count III – Deprivation of Reinstatement Rights

The alleged breach regarding paragraph 19 of the Mortgage Agreement occurred at the earliest in December 2018, when the first relevant and allegedly incorrect arrearage and pay off balance was sent to Jeanty. Id. ¶¶ 33-34. Therefore, Jeanty's

breach of contract claim in Count III on this ground was timely filed.

### 5. Count IV (Bank of America) - Breach of HAMP Agreement

Jeanty alleges in Count IV that Bank of America breached the terms of the 2008 HAMP agreement by "failing to extend the loan modification for the 5 year period" even though he had satisfied the terms of that agreement. Id. ¶ 73. Even considering the discovery rule, this claim in Count IV against Bank of America is time barred because Jeanty, by his own allegations, discovered that Bank of America had failed to follow the HAMP agreement and extend the modification for the five-year period as early as the summer of 2013, when Select Portfolio told Jeanty that he was in default and when Select Portfolio told Jeanty that it had no record of a HAMP modification. Id. ¶¶ 25-26; see In re Hatton, No. 16-BK-11327, 2018 WL 770363, at *6 (Bankr. D.N.H. Feb. 7, 2018) (finding that debtor's own allegations showed that he was aware of alleged breach more than three years before filing suit). Therefore, Count IV of the complaint, to the extent it is brought against Bank of America, is dismissed because it is barred by the statute of limitations. Because this is the only claim Jeanty brought against Bank of America, Bank of America is dismissed as a party to the case.

6. Count IV (Select Portfolio) - Breach of Trial
   Modification Plan

Jeanty alleges that Select Portfolio breached the mortgage agreement or Trial Modification Plan by "failing to extend the loan modification for the 240 month period" despite his compliance with the terms of the Trial modification Plan.  He also alleges that Select Portfolio breached the agreements by sending him default notices despite his compliance.  Jeanty alleges that he learned in December 2018, for the first time, that Select Portfolio had failed to follow the Trial Modification Plan, which had been executed on June 5, 2014.  He contends that he could not have reasonably discovered Select Portfolio's breach before that time.  As noted above, the relevant alleged breach occurred in December 2018, when Deutsche Bank and Select Portfolio are alleged to have notified Jeanty of their intent to foreclose on the Property.  Doc. 1-1 ¶ 33. Therefore, Count IV as it pertains to Select Portfolio is not time barred.

B.    Failure to State Claims

The defendants also contend that Jeanty fails to state claims for relief in Counts I, II, and III of his complaint. Jeanty concedes that Counts I and II do not state claims for relief but contends that Counts III is valid.

1.  <u>Counts I ("Injunctive Relief") and II</u>
    <u>("Accounting")</u>

The defendants argue that Count I is a "stand-alone claim for injunctive relief," which must be dismissed as there is no cause of action supporting it. The defendants also argue that Count II, "accounting", is not a cause of action and that, in any event, the claim is moot because the defendants have provided Jeanty with the requested documentation.

Jeanty states that the allegations in Counts I and II are remedies requested and demanded in relation to his breach of contract claims in Counts III and IV. The court dismisses Counts I and II because Jeanty concedes they do not state claims for relief.

In his objection to the motion to dismiss, Jeanty requests an opportunity to amend his complaint to incorporate the remedial requests in Counts I and II into Counts III and IV. Under Local Rule 7.1(a)(1), "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing." To the extent he wishes to seek leave to file an amended complaint, Jeanty must file a separate motion.

2.  <u>Paragraph 19 of the Mortgage Agreement (Count III)</u>

Count III is brought, in part, on Deutsche Bank's breach of an implied good faith obligation in paragraph 19 of the Mortgage

Agreement.  Paragraph 19 of the Mortgage Agreement states the following, in relevant part:

> 19. Borrower's Right to Reinstate After Acceleration.
> If Borrower meets certain conditions, Borrower shall
> have the right to have enforcement of this Security
> Instrument discontinued . . . .  Those conditions are
> that Borrower: <u>(a) pays Lender all sums which then
> would be due under this Security Instrument and the
> Note as if no acceleration had occurred</u>; (b) cures any
> default or any other covenants or agreements; (c) pays
> all expenses incurred in enforcing this Security
> Instrument, including, but not limited to, reasonable
> attorneys' fees, property inspection and valuation
> fees, and other fees incurred for the purpose of
> protecting Lender's interest in the Property and
> rights under this Security Instrument; and (d) takes
> such action as Lender may reasonably require to assure
> that Lender's interest in the Property and rights
> under this Security Instrument, and Borrower's
> obligation to pay the sums secured by this Security
> Instrument, shall continue unchanged.

Doc. 5-2 at 13 (emphasis added).

Deutsche Bank argues that Jeanty has failed to a state a claim for relief because he did not allege compliance with the conditions of paragraph 19.  Jeanty asserts that whether he has met the conditions in paragraph 19 is immaterial to his claim. Jeanty argues that condition 'a' of paragraph 19, which requires him to pay all amounts due as if no acceleration had occurred, implies that Deutsche Bank would, in good faith, provide an accurate sum due to meet the condition.  Jeanty asserts that Deutsche Bank breached this implied obligation by providing an inaccurate sum.

Because Jeanty's claim is based on a breach of an alleged implied good faith obligation arising from one of the conditions of paragraph 19, not from a breach of paragraph 19 itself, Jeanty did not need to allege compliance with the conditions of paragraph 19 to state a claim for relief.  In other words, the claim is not based on Deutsche Bank's failure to discontinue enforcement of default remedies under paragraph 19 after Jeanty met the conditions, but on Deutsche Bank's failure to supply him with information necessary for him to meet one of the conditions.  Therefore, the motion to dismiss as to this claim is denied.

### Conclusion

For the foregoing reasons, the defendants' motion to dismiss (doc. no. 5) is granted in part and denied in part.  The motion is granted as to Counts I and II.  Counts I and II of the complaint are dismissed without prejudice.

The motion to dismiss is denied as to Count III, except to the extent Jeanty's claims in Count III are premised on Deutsche Bank's failure to notify Jeanty about the change in mortgage servicer.  That basis for Jeanty's breach of contract claim in Count III is time barred and dismissed with prejudice.  The motion to dismiss is also granted as to Count IV to the extent it is based on Bank of America's failure to adhere to the HAMP

modification.  Because no claims remain against it, Bank of America is dismissed as a party to this case.

The motion to dismiss is otherwise denied.  The defendants' motion to strike Jeanty's affidavit (doc. no. 8) is denied as moot.

SO ORDERED.


                              Joseph A. DiClerico, Jr.
                              United States District Judge


March 24, 2020

cc:   Counsel of Record