### UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALEX JEANTY, )<br><br>Plaintiff, )<br><br>v. )<br><br>DEUTSCHE BANK NATIONAL TRUST CO. )<br>TRUSTEE FOR HOLDINGS OF GSAMP TRUST )<br>2004-AR1 MORTGAGE PASS-THROUGH )<br>CERTIFICATES SERIES 2004-AR1, )<br><br>And )<br><br>SELECT PORTFOLIO LOAN SERVICES, LLC, )<br><br>And )<br><br>BANK OF AMERICA, N.A., )<br><br>Defendants. ) | Civil Action No. 20-CV-163-JD |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Deutsche Bank National Trust Co., Trustee for Holdings of GSAMP Trust 2004-AR1 Mortgage Pass-Through Certificates Series 2004-AR1 ("Deutsche Bank") and Select Portfolio Services, Inc. ("SPS" and together with Deutsche Bank, "Defendants"), incorrectly named in the above caption as Select Portfolio Loan Services, LLC, hereby responds to the allegations in Plaintiff Alex Jeanty's ("Plaintiff") Complaint as follows:

## INTRODUCTORY STATEMENT

The introductory statement does not constitute a factual allegation to which a response is required.

## PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Denied.

3.      Admitted.

4.      Bank of America was dismissed from this action and thus no response by Defendants is required.

## JURISDICTION

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 of the Complaint contain legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

7.      Defendants state that the referenced warranty deed speaks for itself and deny any and all allegations inconsistent therewith.

8.      Defendants state that the referenced mortgage speaks for itself and deny any and all allegations inconsistent therewith.

9.      Defendants state that the referenced mortgage speaks for itself and deny any and all allegations inconsistent therewith.

10.      Defendants state that the referenced note speaks for itself and deny any and all allegations inconsistent therewith.

11.     Defendants admit only that Plaintiff defaulted on the mortgage.   Further answering, Defendants are without sufficient knowledge as to the remaining allegations in paragraph 11.

12.     Defendants admit only that Bank of America was a prior servicer to Plaintiff's mortgage.  Further answering, Defendants state that the referenced assignment speaks for itself and deny any and all allegations inconsistent therewith.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint are not asserted against Defendants and thus no response by Defendants is required.  To the extent an answer is required, Defendants state that the allegations in paragraph 15 refer to an application for modification of the mortgage which speaks for itself, and Defendants deny any and all allegations inconsistent therewith.

16.     The allegations contained in paragraph 16 of the Complaint are not asserted against Defendants and thus no response by Defendants is required.

17.     Defendants state that the referenced modification agreement speaks for itself and deny any and all allegations inconsistent therewith.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     The allegations asserted in paragraph 19 are not asserted against Defendants and thus no response is required.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     The allegations asserted in paragraph 22 are not asserted against Defendants and thus no response is required.

23.     Denied.

24.     Defendants admit only that SPS became the loan servicing agent for Plaintiff's Mortgage.   Further answering, Defendants deny any and all other allegations asserted in paragraph 24.

25.     Defendants state that the referenced correspondence between SPS and Plaintiff speaks for itself and deny any and all allegations inconsistent therewith.  To the extent Plaintiff alleges he had not defaulted on his mortgage by the Summer of 2013, Defendants expressly deny such allegations.

26.     Defendants state that the referenced correspondence between SPS and Plaintiff speaks for itself and deny any and all allegations inconsistent therewith.

27.     Defendants state that the referenced notice of default speaks for itself and deny any and all allegations inconsistent therewith.

28.     Defendants state that the referenced Trial Modification Plan and Plaintiff's application regarding the same speak for themselves and deny any and all allegations inconsistent therewith.

29.     Defendants state that the referenced Trial Modification Plan speaks for itself and deny any and all allegations inconsistent therewith. Defendants deny any and all other allegations referenced in paragraph 29 of the Complaint.

30.     Defendants state that the referenced Trial Modification Plan and the 2014 Modification Agreement speak for themselves and deny any and all allegations inconsistent therewith.

31.     Defendants state that the referenced 2014 Modification Agreement speaks for itself and deny any and all allegations inconsistent therewith.  To the extent Plaintiff alleges wrongdoing in connection with his statement that SPS did not provide an accounting, such allegations are expressly denied.

32.     Denied.

33.     To the extent Plaintiff alleges he did not default between the date of the 2014 Modification Agreement and December, 2018, such allegations are expressly denied.  Further answering, the referenced notice of default speaks for itself and Defendants deny any and all allegations inconsistent therewith.

34.     Denied.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendants state that the referenced Bankruptcy petition speaks for itself and deny any and all allegations inconsistent therewith.

37.     Denied.  Plaintiff's Bankruptcy matter was dismissed, over Plaintiff's opposition, by order of the Court for Plaintiff's failure to make pre-plan payments.

38.     Defendants state that the referenced letter speaks for itself and deny any and all allegations inconsistent therewith.

39.     Defendants state that the August 26, 2019 letter speaks for itself and deny any and all allegations inconsistent therewith.

40.     Defendants state that the October 24, 2019 letter speaks for itself and deny any and all allegations inconsistent therewith.  Further answering, any documents not provided were privileged or proprietary.

41.     Defendants state that the October 24, 2019 letter speaks for itself and deny any and all allegations inconsistent therewith.  To the extent Plaintiff alleges any wrongdoing by Defendants with respect to withholding privileged and proprietary documents, Defendants expressly deny such allegations.

42.     Defendants state that the October 24, 2019 letter and November 15, 2019 mortgage statement speaks for themselves and deny any and all allegations inconsistent therewith.

43.     Defendants state that the referenced mortgage agreement speaks for itself and deny any and all allegations inconsistent therewith.

44.     Defendants state that the November 1, 2019 letter speaks for itself and deny any and all allegations inconsistent therewith.

<u>REQUESTED RELIEF</u>

COUNT I- INJUNCTIVE RELIEF
(AS TO DEFENDANTS DEUTSCHE BANK AND SELECT PORTFOLIO

45.     Count I was dismissed and thus no response is required.

46.     Count I was dismissed and thus no response is required.

47.     Count I was dismissed and thus no response is required.

6

48.    Count I was dismissed and thus no response is required.

49.    Count I was dismissed and thus no response is required.

50.    Count I was dismissed and thus no response is required.

51.    Count I was dismissed and thus no response is required.

52.    Count I was dismissed and thus no response is required.

53.    Count I was dismissed and thus no response is required.

54.    Count I was dismissed and thus no response is required.

55.    Count I was dismissed and thus no response is required.

56.    Count I was dismissed and thus no response is required.

57.    Count I was dismissed and thus no response is required.

58.    Count I was dismissed and thus no response is required.

59.    Count I was dismissed and thus no response is required.

60.    Count I was dismissed and thus no response is required.

COUNT II- ACCOUNTING
(AS TO ALL DEFENDANTS)

61.    Count II was dismissed and thus no response is required.

62.    Count II was dismissed and thus no response is required.

63.    Count II was dismissed and thus no response is required.

64.    Count II was dismissed and thus no response is required.

65.    Count II was dismissed and thus no response is required.

COUNT II- BREACH OF CONTRACT
(AS TO DEFENDANT DEUTSCHE BANK)

66.    Defendants repeats and realleges its responses to the allegations set forth in
Paragraphs 1 through 65, as if fully set forth herein.

67.     The allegations in paragraph 67 of the complaint constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants state that the referenced loan modification agreements speak for themselves and deny any and all allegations inconsistent therewith.

68.     Denied.

69.     Denied.  Further answering, Defendants deny that Plaintiff is entitled to any of the relief requested.

## COUNT IV- BREACH OF CONTRACT
### (AS TO DEFENDANTS BOA AND SELECT PORTFOLIO)

70.     Defendants repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 69, as if fully set forth herein.

71.     The allegations contained in paragraph 71 concern Bank of America's failure to adhere to the 2008 HAMP modification agreement, and thus no response is required pursuant to the Court's dismissal of Bank of America from this matter.

72.     The allegations contained in paragraph 72 concern Bank of America's failure to adhere to the HAMP modification and thus no response is required pursuant to the Court's dismissal of Bank of America from this matter.

73.     The allegations contained in paragraph 73 concern Bank of America's failure to adhere to the HAMP modification and thus no response is required pursuant to the Court's dismissal of Bank of America from this matter.

74.     The allegations contained in paragraph 71 concern Bank of America's failure to adhere to the HAMP modification and thus no response is required pursuant to the Court's dismissal of Bank of America from this matter.

75.    Defendants state that the referenced 2014 Modification Agreement speaks for itself and deny any and all allegations inconsistent therewith.

76.    Defendants state that the referenced 2014 Modification Agreement speaks for itself and deny any and all allegations inconsistent therewith.

77.    Denied.

78.    Denied.  Further, Defendants deny that Plaintiff is entitled to the relief requested in this paragraph or any of the relief following the "WHEREFORE" clause after Count IV

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

### FIFTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims may be barred by the doctrines of estoppel, laches and waiver.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are frivolous, lack a good faith basis in fact or law, and are interposed for the improper purpose to cause delay.

*SEVENTH AFFIRMATIVE DEFENSE*

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

*EIGHTH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred by Plaintiff's own breaches of contract.

*NINETH AFFIRMATIVE DEFENSE*

Plaintiff's claims are barred because Defendants complied with the subject mortgage loan and applicable laws.

*TENTH AFFIRMATIVE DEFENSE*

To the extent Plaintiff has suffered any damages as alleged in his Complaint, which Defendants deny, he has failed to mitigate such damages.

*ELEVENTH AFFIRMATIVE DEFENSE*

To the extent that Plaintiff is entitled to recover under any cause of action, Defendants are entitled to a set off for amounts owed under the mortgage loan.

*TWELFTH AFFIRMATIVE DEFENSE*

Plaintiff's Complaint is barred by the doctrine of unclean hands.

*THIRTEENTH AFFIRMATIVE DEFENSE*

Defendants reserve the right to assert additional affirmative defenses, as litigation has just begun.

WHEREFORE, Defendants Deutsche Bank and SPS denies that Plaintiff is entitled to the relief demanded and requests that the Court enter judgment in Defendants' favor, dismissing the claims against, with prejudice and award it attorneys' fees, costs and other such relief that this Court deems just.

Respectfully submitted,

Deutsche Bank National Trust Co. Trustee for
Holdings of GSAMP Trust 2004-AR1 Mortgage
Pass-Through Certificates Series 2004-AR1,

and

Select Portfolio Services, Inc.,

By their attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (N.H. Bar # 265419)
Kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(617) 217-4700
(617) 217-4710 (fax)

Dated: April 6, 2020

## CERTIFICATE OF SERVICE

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically all registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date including plaintiff.

Dated: April 6, 2020                                    */s/ Kevin P. Polansky*